**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE IMELDO JAIMEZ LLANEZ, AKA Jose Recinos Jimenez, AKA Andres Rodriguez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71302 <br><br> Agency No. A095-001-858 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Jose Imeldo Jaimez Llanez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Jaimez Llanez does not contend he suffered past persecution, but fears he will be persecuted on account of his status as an outsider, or in connection with threats his brother received. Substantial evidence supports the BIA's finding that Jaimez Llanez failed to establish a well-founded fear of persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ochave v. INS*, 254 F.3d 859, 867-68 (9th Cir. 2001) (evidence of safe relocation undermined claim of future fear). Thus, Jaimez Llanez's claim for asylum fails.

Because Jaimez Llanez failed to establish eligibility for asylum, he necessarily cannot meet the stricter standard of proof to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the BIA's denial of CAT relief because Jaimez Llanez failed to show it is more likely than not that he would be

tortured by the Mexican government, or with its consent or acquiescence. *See*

*Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**